BOARD OF EDUCATION — DEPOSITORY FOR SCHOOL FUNDS — BANK OFFICERS SERVING ON (1) It is now legal for a Board of Education to use a bank as a depository for school funds where a member of said Board is associated with such bank sought to be used as the depository. Attorney General Opinion No. 71-155 (May 7, 1971) is hereby overruled and withdrawn inasmuch as it conflicts with this opinion. (2) Pursuant to 70 O.S. 4-24 [70-4-24] (1970), it is not illegal where two bank officers concurrently serve on a Board of Education, one as the clerk and the other as a member. Any conflict of interest decision as to the foregoing would be solely dependent upon the factual situation presented relative to the amount of interest involved. (3) Pursuant to 70 O.S. 4-29 [70-4-29] (1970), the Attorney General Opinion dated July 30, 1949, to the Honorable Oliver Hodge, student activity funds cannot be paid to a company, individual or business concern in which a member of the Board of Education to the district is directly or indirectly interested. The Attorney General has considered your letter dated March 17, 1971, wherein you ask the following questions: "1. Does it constitute a conflict of interest and is it legal for a board of education to order its employed treasurer to use a bank as its depository when the president of the bank is a member of the board of education? "2. Does it constitute a conflict of interest and is it legal for a board of education to employ a vice president of a bank as its clerk when the president of the bank is a member of the board of education? "3. Is it legal for a school organization to make minor purchases from its activity fund from a business owned by a member of the board of education?" Attorney General Opinion No. 71-155 (May 7, 1971) held that a Board of Education may not use a bank as its depository for school district funds when a member of the Board of Education is an assistant cashier, director and small shareholder of the bank sought to be used as a depository. This opinion construed both 62 O.S. 371 [62-371] (1961) and 70 O.S. 4.29 [70-4.29] (1961), the former statute being the basis for the latter. Section 62 O.S. 371 [62-371] provides as follows: "No board of county commissioners, nor city council, nor board of trustees of any township, or town, nor any district board of any school district in this State shall make any contract with any of its members, or in which any of its members shall be directly or indirectly interested; and that all contracts made in violation of this section shall be wholly void." (Emphasis added) Senate Bill No. 281, 33rd Legislature, First Session, has amended Section 371 by the addition of the following provision: "For the purposes of this section the depositing of any funds in a bank or other depository shall not be considered the making of a contract." Although 70 O.S. 4.29 [70-4.29] (1961) was not so amended, Section 371 as amended would take precedence because "any district board of any school district" clearly refers to a district "Board of Education" and the last enactment of the Legislature takes precedence over the prior enactments in that it expresses the latest intention of the Legislature, In re Tindell, 292 P.2d 1022
(Okla., 1956). Therefore, any depositing of funds by a Board is not now considered to be illegal where a board member is associated with such bank sought to be used as a depository. Any conflict of interest decision would be solely dependent upon the factual situation presented relative to the amount of interest involved. As to Question 2, 70 O.S. 4-24 [70-4-24] (1970), provides in part, as follows: ". . .The board shall also elect a clerk and, in its discretion, a deputy clerk, either of whom may be one of the members of the board, and each of whom shall hold his office during the pleasure of the board and each of whom shall receive such compensation for his services as the board may allow. Provided no superintendent, principal, instructor, or teacher employed by such board shall be elected or serve as clerk or deputy clerk of the board. . ." It therefore appears that the basic criteria for serving as clerk of the Board of Education is that such person cannot be serving on the Board in another capacity concurrently. It would not therefore be illegal for a bank officer to be elected as clerk of a Board where another officer of the same bank is a member of said Board, assuming the relationship between the two bank officers would not constitute a violation of the nepotism statute, 70 O.S. 4-15 [70-4-15] (1970). Any conflict of interest decision would be solely dependent upon the factual situation presented relative to the amount of interest involved. As to Question 3, Attorney General Opinion (July 30, 1949), addressed to the Honorable Oliver Hodge, State Superintendent of Public Instruction, construing 70 O.S. 4.29 [70-4.29] (1970) is controlling. Such Opinion holds that student activity funds cannot be paid to a company, individual, or business concern in which a member of the Board of Education of the district is directly or indirectly interested. It is, therefore, the opinion of the Attorney General that Question 1 be answered in the negative. Pursuant to Senate Bill No. 281, 33rd Legislature, First Session, it is now legal for a Board of Education to use a bank as its depository for school district funds where a member of said Board is associated with such bank sought to be used as a depository. Attorney General Opinion No. 71-155 (May 7, 1971) is hereby canceled and withdrawn inasmuch as in conflicts with this opinion. It is further the opinion of the Attorney General that Question 2 be answered in the negative. Pursuant to 70 O.S. 4-24 [70-4-24] (1970), it is not illegal where two bank officers concurrently serve on a Board of Education, one as the clerk and one as a member. Any conflict of interest decision in Questions 1 and 2 would be solely dependent upon the factual situation presented relative to the amount of interest involved. It is further the opinion of the Attorney General that Question 3 be answered in the negative. Pursuant to 70 O.S. 4-29 [70-4-29] (1970) and Attorney General Opinion (July 30, 1949) addressed to the Honorable Oliver Hodge, student activity funds cannot be paid to a company, individual or business concern in which a member of the Board of Education to the district is directly or indirectly interested. (Larry L. French) ** SEE: OPINION NO. 76-212 (1976) **